# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>**PLANET MERCHANT PROCESSING, INC.**,<br><br>    Debtor. | Lead Case No. 8:16-bk-81243<br><br>**Chapter 7** |
| **PLANET MERCHANT PROCESSING, INC.**,<br><br>    Plaintiff,<br><br>v.<br><br>**KIM GEIKEN and EVO MERCHANT SERVICES, LLC**,<br><br>    Defendants. | **Adversary Proceeding**<br>**Case No. 8:17-ap-8002** |

## EVO MERCHANT SERVICES, LLC'S ANSWER

Defendant EVO Merchant Services, LLC ("EVO") hereby files its Answer to Plaintiff's Complaint [ECF No. 1] as follows:

### JURISDICTION AND VENUE

1.   Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, EVO denies the allegations in paragraph 1.

2.   Paragraph 2 of the Complaint contains conclusions of law to which no response is required. EVO admits that Plaintiff's bankruptcy case, which was filed under Chapter 11 and has since been converted to a case under Chapter 7, is pending in this Court. To the extent a response is required to any further factual allegations contained in paragraph 2, EVO denies the allegations.

1

3. EVO is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore EVO denies those allegations.

4. EVO admits, upon information and belief, the allegations in Paragraph 4 of the Complaint.

5. With respect to the allegations in paragraph 5 of the Complaint, EVO denies that it is a "limited liability corporation." EVO is a limited liability company. EVO admits that it has its principal place of business in Melville, New York and that it is organized and existing under the laws of Delaware.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required. EVO is without sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 6, and therefore EVO denies those allegations.

**ALLEGATIONS**

7. With respect to the allegations in paragraph 7 of the Complaint, EVO admits, upon information and belief, that Kim Geiken ("Ms. Geiken") was employed by Planet Group, Inc. in a software developer position until January 16, 2017. EVO is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7, and EVO therefore denies those allegations.

8. As the allegations in paragraph 8 of the Complaint pertain to persons other than EVO, EVO is without sufficient knowledge or information to form a belief as to the truth of the allegations, and EVO therefore denies those allegations. EVO notes that several of the allegations in paragraph 8 are directly contradicted by evidence already made available to Plaintiff and to EVO and that Plaintiff has not submitted or identified any contrary evidence.

9. As the allegations in paragraph 9 of the Complaint pertain to persons other than EVO, EVO is without sufficient knowledge or information to form a belief as to the truth of the allegations, and EVO therefore denies those allegations. EVO notes that several of the allegations in paragraph 9 are directly contradicted by evidence already made available to Plaintiff and to EVO and that Plaintiff has not submitted or identified any contrary evidence.

10. Paragraph 10 of the Complaint contains conclusions of law to which no response is required. EVO is without sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 10, and therefore EVO denies those allegations.

11. With respect to the allegations in paragraph 11 of the Complaint, EVO admits that it was a customer of Plaintiff and that it obtained, and still maintains, a perpetual license from Plaintiff to the Acquire360 software. EVO further admits that Plaintiff rejected, in its Chapter 11 case, its contract with EVO. EVO denies the remaining allegations of paragraph 11.

12. With respect to the allegations in paragraph 12 of the Complaint, EVO admits that it filed an adversary proceeding against Plaintiff related to Plaintiff's failure to perform under its contract with EVO. EVO further admits that it later voluntarily dismissed that adversary proceeding without prejudice. To the extent a further response is required, EVO denies the remaining allegations in paragraph 12.

13. With respect to the allegations in paragraph 13 of the Complaint, EVO denies that Ms. Geiken started working for EVO the week of January 16, 2017; Ms. Geiken began working for EVO on January 23, 2017. EVO is without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in paragraph 13, and therefore EVO denies those allegations.

14. With respect to the allegations in paragraph 14 of the Complaint, EVO denies that Ms. Geiken provided to EVO confidential and proprietary information of Plaintiff. Paragraph 14 otherwise contains conclusions of law to which no response is required. To the extent paragraph 14 contains additional factual allegations to which a response is required, EVO denies those allegations.

15. Paragraph 15 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 15 contains factual allegations to which a response is required, EVO denies those allegations.

16. EVO denies the allegations contained in paragraph 16 of the Complaint. EVO further notes the allegations in paragraph 16 are directly contradicted by evidence already made available to Plaintiff and that Plaintiff has not submitted or identified any contrary evidence.

## COUNT I

## TORTIOUS CONVERSION

17. EVO incorporates by reference its responses to all previous allegations of the Complaint.

18. Paragraph 18 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 18 contains factual allegations to which a response is required, EVO denies those allegations.

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 19 contains factual allegations to which a response is required, EVO denies those allegations. EVO specifically denies that it "unlawfully exercised dominion and control" over any property belonging to Plaintiff.

4

20.    Paragraph 20 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 20 contains factual allegations to which a response is required, EVO denies those allegations.

## COUNT II

## MISAPPROPRIATION OF TRADE SECRETS

21.    EVO incorporates by reference its responses to all previous allegations of the Complaint.

22.    Paragraph 22 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 22 contains factual allegations to which a response is required, EVO denies those allegations.  EVO specifically denies that it has "taken" any information belonging to Plaintiff.

23.    Paragraph 23 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 23 contains factual allegations to which a response is required, EVO denies those allegations.

24.    Paragraph 24 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 24 contains factual allegations to which a response is required, EVO denies those allegations.

25.    Paragraph 25 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 25 contains factual allegations to which a response is required, EVO denies those allegations.  EVO specifically denies that it has received or used any trade secrets belonging to Plaintiff.

## COUNT III

## COPYRIGHT INFRINGEMENT

26. EVO incorporates by reference its responses to all previous allegations of the Complaint.

27. Paragraph 27 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 27 contains factual allegations to which a response is required, EVO denies those allegations.

28. Paragraph 28 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 28 contains factual allegations to which a response is required, EVO denies those allegations. EVO specifically denies that it "unlawfully copied or used" any property belonging to Plaintiff.

## COUNT IV

## VIOLATION OF 11 U.S.C. § 362(a)

29. EVO incorporates by reference its responses to all previous allegations of the Complaint.

30. Paragraph 30 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 30 contains factual allegations to which a response is required, EVO denies those allegations. EVO specifically denies that it has "taken" any information belonging to Plaintiff.

31. Paragraph 31 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 31 contains factual allegations to which a response is required, EVO denies those allegations. EVO specifically denies that it has engaged in any acts to obtain or exercise control over Plaintiff's property.

## COUNT V

## TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION / PERMANENT INJUNCTION

32. EVO incorporates by reference its responses to all previous allegations of the Complaint.

33. Paragraph 33 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 33 contains factual allegations to which a response is required, EVO denies those allegations. EVO specifically denies that it has "unlawfully taken" any information belonging to Plaintiff.

34. Paragraph 34 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 34 contains factual allegations to which a response is required, EVO denies those allegations.

35. Paragraph 35 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 35 contains factual allegations to which a response is required, EVO denies those allegations.

36. Paragraph 36 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 36 contains factual allegations to which a response is required, EVO denies those allegations.

37. Paragraph 37 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 37 contains factual allegations to which a response is required, EVO denies those allegations.

**PRAYER FOR RELIEF**

EVO denies that Plaintiff is entitled to any of the relief for which it prays in paragraphs (A) through (G) on pages 6 to 7 of the Complaint. To the extent the prayer for relief contains factual allegations to which a response is required, EVO denies those allegations.

**AFFIRMATIVE DEFENSES AND ADDITIONAL RESPONSES**

Without assuming any burden other than that required by law, EVO states the following affirmative defenses and additional responses to the Complaint:

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. EVO is not liable to Plaintiff under any cause of action asserted in the Complaint for reasons already established by evidence made available to Plaintiff, including, among others, the following:

   (a) EVO did not discuss potential employment with Ms. Geiken until after EVO understood that Ms. Geiken was no longer employed by Plaintiff or its affiliated entities.

   (b) EVO did not request, and Ms. Geiken did not provide to EVO, any of the information or property belonging to Plaintiff referred to in the Complaint.

   (c) EVO did not request, and Ms. Geiken did not provide, any of the devices on which Ms. Geiken is alleged to have downloaded information or property belonging to Plaintiff.

   (d) Ms. Geiken has confirmed that she was authorized to use the devices referred to in the Complaint and to download the Acquire360 software on those devices in connection with her job responsibilities.

    (e)    Ms. Geiken returned or destroyed any and all confidential and proprietary information of Plaintiff's that she knows to have been in her possession, and she has confirmed that she did not provide any of that information to EVO.

    (f)    In considering whether to employ Ms. Geiken, EVO repeatedly communicated to Ms. Geiken that she should comply with any and all enforceable obligations she owed to her former employers. Ms. Geiken committed to do precisely that.

## RESERVATION OF RIGHTS AS TO AFFIRMATIVE DEFENSES

EVO has insufficient information available upon which to form a belief as to whether it has available any additional affirmative defenses to Plaintiff's Complaint. EVO specifically reserves all affirmative or other defenses as may become available or appear upon further developments in this case.

## STATEMENT PURSUANT TO RULE 7013 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

EVO has multiple claims against and disputes with Plaintiff, and, potentially the Chapter 7 Trustee in this underlying Chapter 7 (formerly Chapter 11) bankruptcy case. Among other things, EVO has pending demands to Plaintiff for the turnover of certain intellectual property to which it has rights pursuant to 11 U.S.C. § 365(n). EVO does not believe it has any compulsory counterclaim obligations with respect to its pending or potential disputes with Plaintiff or the Trustee, as those claims do not arise from the same core facts as those alleged in this adversary proceeding, and EVO intends to pursue its rights and remedies in the context of the pending Chapter 7 bankruptcy case, through its existing proof of claim as filed in the Chapter 11 case, through its to-be-filed proof of claim in the Chapter 7 case, and otherwise through motion practice and other available means in the pending Chapter 7 case.

## JURY DEMAND

EVO demands a jury trial on all issues so triable.

**WHEREFORE**, having fully answered the Complaint, EVO respectfully demands and prays that:

a. the Complaint and all claims alleged therein be dismissed with prejudice and all costs in this action be assessed against Plaintiff;

b. judgment be entered in EVO's favor and against Plaintiff on all claims alleged in the Complaint; and

c. EVO be awarded such other and further relief, including attorneys' fees and expenses, as may be justified and allowable by the evidence and the law and as may be deemed appropriate by the Court.

Respectfully submitted, this 22nd day of May, 2017.

                Respectfully submitted,

                *s/ T. Randall Wright*
                T. Randall Wright
                Neb. Bar No. 16398
                BAIRD HOLM, LLP
                1700 Farnham Street, Suite 1500
                Omaha, Nebraska 68102
                Phone: (402) 636-8228
                Fax: (402) 344-0588
                rwright@bairdholm.com

Mark M. Maloney
Ga. Bar No. 468104
Jonathan R. Chally
Georgia Bar No. 141392
Kevin J. O'Brien
Georgia Bar No. 714849
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 572-4600
Fax: (404) 572-5100
mmaloney@kslaw.com
jchally@kslaw.com
kobrien@kslaw.com

*Counsel for EVO Merchant Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2017, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ T. Randall Wright*
T. Randall Wright