IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | CASE NO. BK 16-81243 |
| PLANET MERCHANT PROCESSING, INC., | CHAPTER 11 |
| DEBTOR | |

| | |
|---|---|
| PLANET MERCHANT PROCESSING, INC., | ADV.NO. 17-8002 |
| PLAINTIFF, | Resistance to Motion to Dismiss |
| VS. | |
| KIM GEIKEN AND EVO MERCHANT SERVICES, LLC, | |
| DEFENDANTS. | |

COMES NOW Thomas D. Stalnaker, Trustee, by and through his attorneys, and submits the instant Resistance to the Motion to Dismiss filed by Kim Geiken. In support of his Resistance, the Trustee states as follows:

1. Plaintiff disagrees with Defendant's position that Planet Group, Inc. ("PGI"), is a necessary party to the instant litigation. The separate Complaint filed by PGI in the District Court of Douglas County, Nebraska, now proceeding in the United States District Court for the District of Nebraska (the "PGI Case"), may overlap with the instant matter as far as the facts surrounding the causes of action go. However, PGI makes no claim to ownership of the asset which is the subject of the instant litigation, only that they are the custodian of same. Plaintiff asserts that, as custodian, PGI has a right of action against Defendant independent from the claims made by Debtor. *See Metso Minerals Indus. v. FLSmidth-*

1

*Excel LLC*, 733 F. Supp. 2d 969, 978 (E.D. Wis. 2010) ("[A] party in possession of a trade secret should be able to bring suit against another party that 'misappropriates' that trade secret. This holding has been followed by other courts facing similar questions.") (compiling cases); *DTM Research, L.L.C. v. AT & T Corp.*, 245 F.3d 327, 332 (4th Cir. 2001) ("[O]ne who possesses non-disclosed knowledge may demand remedies as provided by the [Uniform Trade Secrets] Act against those who 'misappropriate' the knowledge."); *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 388 F. Supp. 2d 37, 67 (N.D.N.Y. 2005) ("Simply stated, Sears Petroleum, as an entity with legitimate, non-transitory possession of the trade secret information at issue, did have standing to enforce a trade secret in question, and the jury was properly instructed regarding this element of its trade secret misappropriation claim.").

2. However, Plaintiff does believe that in order to promote judicial economy, the instant matter can, and should, be consolidated with the PGI Case, with both matters to proceed in the United States District Court.

3. Counsel for Plaintiff has spoken with counsel for Ms. Geiken and counsel for EVO, and the parties are attempting to work out a manner in which to proceed that is acceptable to all parties.

4. Based upon the progress and conclusion of the discussions referenced above, Plaintiff intends to file, either on its own or as a joint or stipulated motion, a request to this Court that it enter an order either withdrawing the reference with respect to this case, as it involves both core and non-core claims, or otherwise transferring this matter to the United States District Court for further proceedings.

5. Further, the Trustee intends to file, shortly, a Motion for Leave to Retain Special Counsel to represent its interests in the instant matter, which counsel is also currently representing PGI in the PGI Case. Said Motion, if granted, will also promote the preservation of the assets of the estate, as PGI will advance the attorneys fees associated with prosecution of the instant litigation, to be recoverable only out of any judgment collected in the event of a successful outcome.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter its order overruling Kim Geiken's Motion to Dismiss, and for whatever other relief this Court deems appropriate, equitable and just.

DATED this 12th day of June, 2017.

        THOMAS D. STALNAKER,
        Trustee,

By:   /s/ John D. Stalnaker
      John D. Stalnaker, #23809
      STALNAKER, BECKER & BURESH, P.C.
      P.O. Box 24268
      Omaha, Nebraska 68124
      (402) 393-5421
      j.stalnaker@sbbpc.com
      His Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2017, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all parties who filed an appearance by electronic filing in this case.

        /s/ John D. Stalnaker
        John D. Stalnaker