# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>**PLANET MERCHANT PROCESSING, INC.,**<br><br>Debtor. | Lead Case No. 8:16-bk-81243<br><br>Chapter 7 |
| **PLANET MERCHANT PROCESSING, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**KIM GEIKEN and EVO MERCHANT SERVICES, LLC,**<br><br>Defendants. | Adversary Proceeding<br>Case No. 8:17-ap-8002 |

## EVO MERCHANT SERVICES, LLC'S OBJECTION TRUSTEE'S TO MOTION TO WITHDRAW THE REFERENCE AND REQUEST FOR HEARING

Defendant EVO Merchant Services, LLC ("EVO") hereby submits this objection to the motion of the Trustee to withdraw the reference (the "Motion") [Doc. 38] and requests a hearing on the matter.

1.  It is disappointing that EVO has had to file this Objection. Based on various communications between and among the parties prior to this date, it appeared that the parties had agreed on a resolution of the Motion that would involve agreement to withdrawal of the reference, consolidation of the two pending lawsuits referred to by the Trustee, and a joint request by the parties to refer the consolidated matter back to the bankruptcy court for pre-trial proceedings. However, just today, Planet Group Inc. ("PGI") reported its reluctance to agree to that plan. As of this filing, PGI has not announced its final position on this issue, suggesting it

1

may still refuse to agree to the resolution the parties had previously discussed, and as a result, EVO must now object to the Trustee's motion.

2.    As the court will recall, the Debtor filed this case under chapter 11 and promptly sought to rid itself of its revenue and customers by rejecting all of its customer contracts and seeking either to sell its business or renegotiate with its former customers for better terms.  The Debtor was successful in reducing itself to little more than a corporate shell that holds software that it now cannot gainfully use.  Thereafter, Defendant Kim Geiken resigned her position with the Debtor, and was subsequently employed by EVO.  After the Debtor tried but failed to sell all of its assets to its parent, PGI, for $50,000, leaving creditors with nothing, it converted the case to one under chapter 7.

3.    Prior to conversion to Chapter 7, the Debtor filed the above-captioned adversary proceeding (the "Adversary Proceeding") in the bankruptcy court, alleging violations of the automatic stay and asserting that its former employee, Kim Geiken, converted or misappropriated property of the estate.  The Complaint also named EVO as a defendant, based on EVO's hiring of Ms. Geiken after she left the Debtor's employ.  The Debtor began this case by seeking a temporary restraining order, and after oral argument, the court denied that motion.  Both defendants have consistently denied wrongdoing.  Following denial of the temporary restraining order, the defendants participated in expedited discovery and produced documents and testimony confirming that the allegations in the Adversary Proceeding are baseless.  This discovery led the Debtor to withdraw its motion for preliminary injunction, but the claims remain pending in this case nonetheless.  Until the Trustee filed its Motion to Withdraw the Reference, no party had objected to this court's jurisdiction in the case.  Now, some seven months after the Adversary Proceeding was filed, the Trustee has moved to withdraw the reference.  We note that

the Trustee is not currently shown as a party to the case, and has never filed a motion to intervene or be substituted as a party.

4. The other pending case, which was initially brought in Douglas County District Court by Planet Group Inc. against Ms. Geiken, has been removed to U.S. District Court (the "District Court Case"). Significantly, EVO is not now and has never been a party to the District Court Case. Planet Group, Inc. is not and has never been a party to the Adversary Proceeding. Thus, the two lawsuits discussed by the Trustee in his Motion are not only pending in different courts, but they also have different parties. EVO would not benefit from a consolidation of the cases, and in fact is arguably prejudiced, since the consolidation would result in adjudication of a number of claims that concern Ms. Geiken, but not EVO.

5. The court has "core" jurisdiction over the Plaintiff's claim for relief from the automatic stay (see 28 U.S.C. 157(b)(2)(G)), and has at least "related to" jurisdiction over the other claims, because the issues in this case are clearly related to the bankruptcy estate and its administration. The claims deal with allegations that the Debtor's trade secrets were converted or misappropriated, and with allegations of infringement of the debtor's alleged copyright. EVO *consents to bankruptcy court jurisdiction* over this Adversary Proceeding, and would withdraw its request for a jury trial if the case remains pending in this Court.

6. There is no urgent need for withdrawal of the reference. This court's substantial history with not only this adversary proceeding, but also the bankruptcy case, compels the conclusion that judicial economy and integrity would be well-served if this court retained the case.

7. To the extent the other parties to this Adversary Proceeding or the parties to the District Court Case believe that convenience and judicial economy are better served by a

withdrawal of the reference, EVO has been accommodating and willing to agree to the above-referenced stipulation. If that stipulation is not acceptable to all the parties at issue, the Adversary Proceeding should stay where it was filed, where it has been partially litigated, and where it has always been – here.

WHEREFORE, Defendant EVO objects to the Trustee's Motion to Withdraw the Reference, requests an opportunity to be heard on the matter, and urges the court to retain jurisdiction as may be appropriate.

Respectfully submitted,

*s/ T. Randall Wright*
T. Randall Wright
Neb. Bar No. 16398
BAIRD HOLM, LLP
1700 Farnam Street, Suite 1500
Omaha, Nebraska 68102
Phone: (402) 636-8228
Fax: (402) 344-0588
rwright@bairdholm.com
and

Mark M. Maloney
Ga. Bar No. 468104
Jonathan R. Chally
Georgia Bar No. 141392
Kevin J. O'Brien
Georgia Bar No. 714849
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 572-4600
Fax: (404) 572-5100
mmaloney@kslaw.com
jchally@kslaw.com
kobrien@kslaw.com

*Counsel for EVO Merchant Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2017, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ T. Randall Wright*
T. Randall Wright

DOCS/1916096.3