IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| PLANET MERCHANT PROCESSING, INC., | ) | |
| | ) | CASE NO. BK16-81243 |
| Debtor(s). | ) | |
| PLANET MERCHANT PROCESSING, INC., | ) | A17-8002 |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| vs. | ) | |
| | ) | |
| KIM GEIKEN and | ) | |
| EVO MERCHANT SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

FINDINGS AND RECOMMENDATIONS
TO THE UNITED STATES DISTRICT COURT

Hearing was held on August 7, 2017, on the motion by Thomas D. Stalnaker as the Chapter 7 trustee for the bankruptcy estate of Planet Merchant Processing, Inc., to withdraw the reference of this adversary proceeding (Fil. No. 38), and objection by defendant EVO Merchant Services, LLC (Fil. No. 42). Donald L. Swanson, J. Daniel Weidner, and John D. Stalnaker appeared for Thomas D. Stalnaker; T. Randall Wright and Mark Maloney appeared for EVO Merchant Services, LLC; and Kathryn A. Dittrick Heebner appeared for Kim Geiken.

The debtor is a Nebraska corporation which developed a software product, known as Acquire360, for back-end processing of debit and credit transactions. Defendant Kim Geiken worked as a senior software developer for an affiliated entity, Planet Group, Inc., and was involved in the development and support of Acquire360. Ms. Geiken resigned from Planet Group in January 2015 and promptly went to work for defendant EVO Merchant Services, LLC, a former customer of the debtor and a licensee of the Acquire360 software. The debtor alleges that Ms. Geiken impermissibly took proprietary information, including the Acquire360 source code, with her when she left.

The debtor filed this adversary proceeding in January 2017 against Ms. Geiken and EVO alleging tortious conversion, misappropriation of trade secrets, copyright infringement, and violation of the automatic bankruptcy stay. In February 2017, the debtor converted its bankruptcy case from a Chapter 11 to a Chapter 7 and Thomas D. Stalnaker was appointed trustee, succeeding to the debtor's causes of action in this adversary proceeding.

Planet Group also filed a lawsuit against Ms. Geiken in Douglas County District Court. That case was removed to the United States District Court in May 2017 and is pending at Case No. 17CV169. That complaint arises from the same set of facts, and alleges breach of a confidential

information agreement, misappropriation of trade secrets, breach of fiduciary duties, and violation of the federal Computer Fraud and Abuse Act.

The bankruptcy trustee wants the district court to withdraw the reference of the adversary proceeding and consolidate the two cases. The motion is made under 28 U.S.C. § 157(d) for cause because the trustee's claims involve "non-core" matters which require adjudication of common-law or state-law claims. These causes of action are not created by any provision of the Bankruptcy Code and they would exist outside of the bankruptcy case. Essentially, the trustee is raising the question of the bankruptcy court's authority to decide this adversary proceeding under *Stern v. Marshall*, 564 U.S. 462 (2011).

The United States District Court for the District of Minnesota has addressed the issue of withdrawal of the reference for *Stern* questions, and its explanation is applicable here:

> Under the bankruptcy statutes:
> [T]he district courts of the United States have "original and exclusive jurisdiction of all cases under title 11." Congress has divided bankruptcy proceedings into three categories: those that "aris[e] under title 11"; those that "aris[e] in" a Title 11 case; and those that are "related to a case under title 11." District courts may refer any or all such proceedings to the bankruptcy judges of their district . . . . District courts also may withdraw a case or proceeding referred to the bankruptcy court "for cause shown."

*Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011) (quoting 28 U.S.C. §§ 1334(a), 157(a), (d)). In this District, all bankruptcy cases and proceedings are automatically referred to the bankruptcy judges. Bankruptcy Local Rule 1070–1.

> Bankruptcy judges may hear and enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11." "Core proceedings include, but are not limited to" 16 different types of matters . . .

*Stern*, 131 S. Ct. at 2603–04 (quoting 28 U.S.C. §§ 157(b)(1), (b)(2)(C), 158).

> When a bankruptcy judge determines that a referred "proceeding . . . is not a core proceeding but . . . is otherwise related to a case under title 11," the judge may only "submit proposed findings of fact and conclusions of law to the district court." It is the district court that enters final judgment in such cases after reviewing de novo any matter to which a party objects.

*Id.* at 2604 (quoting 28 U.S.C. § 157(c)(1)).

In *Stern v. Marshall*, the Supreme Court held that section 157(b)'s grant of authority to a bankruptcy court to "hear and determine . . . and . . . enter appropriate orders and judgments," on "counterclaims by the estate against persons filing claims against the estate," violated Article III of the United States Constitution when the state law claims would not be "completely resolved in the bankruptcy process of

> allowing or disallowing claims." 131 S. Ct. at 2611. Therefore, "some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)." *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham)*, 134 S. Ct. 2165, 2172 (2014).
>
> *In re Bellingham*, decided by the Supreme Court in June 2014, explained that if a so-called *Stern* claim "satisfies the criteria of § 157(c)(1)" in that it is "related to a case under title 11," then "the bankruptcy court simply treats the claims as non-core: The bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment." 134 S. Ct. at 2173.
> . . .
> Defendants' motion to withdraw the reference to the bankruptcy court in this case is based on 28 U.S.C. § 157(d), which states:
>> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.
>
> 28 U.S.C. § 157(d) (emphasis added). The statute does not define "cause," but generally, district courts have "broad discretion in determining whether to withdraw a matter from the bankruptcy court." *Enviro–Scope Corp. v. Westinghouse Elec. Corp.*, 57 B.R. 1005, 1008 (E.D. Pa. 1985). In deciding whether to withdraw a reference, the Court considers factors such as whether the claim is core, the efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and the presence of a jury demand. *See In re H & W Motor Express Co.*, 343 B.R. 208, 214 (N.D. Iowa 2006) (Reade, J.).

*Kelley v. Opportunity Fin., LLC*, Civil Case No. 14-3375 MJD, 2015 WL 321536, at *1–2 (D. Minn. Jan. 26, 2015).

The only count of the adversary complaint that would be considered "core" is the alleged violation of the automatic stay. However, EVO consents to the bankruptcy court's jurisdiction over the non-core claims and indicates it would withdraw its request for a jury trial so the case could remain in the bankruptcy court. Ms. Geiken has not formally weighed in on the trustee's motion, but at the hearing her attorney supported EVO's position.

Nevertheless, I believe factors such as the efficient use of judicial resources and the risk of conflicting judgments on the same or similar causes of action favor the consolidation of the cases in the district court. All parties agree that this adversary proceeding and the Planet Group case in

U.S. District Court arise from the same set of facts and circumstances and the issues of law are similar, if not identical. In fact, a motion to dismiss has been filed in this adversary proceeding for failure to join a necessary party – Planet Group. While the outcome of the case could conceivably have an effect on the bankruptcy estate, the causes of action do not arise under Title 11. Judicial economy dictates that the two cases should be processed and heard together, and the forum to do so is the United States District Court.

      Accordingly, I respectfully recommend to the United States District Court for the District of Nebraska that the motion to withdraw the reference of this adversary proceeding (Fil. No. 38) be granted.

      DATED:  August 8, 2017.

                                        Respectfully Submitted,

                                        /s/ Thomas L. Saladino
                                        Chief Judge

Notice given by the Court to:
      *John D. Stalnaker
      T. Randall Wright
      U.S. Trustee